NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEMOCRATIC STATE COMMITTEE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NEW JERSEY OATH KEEPERS,<br><br>　　　　　Defendant. | Civil Action No.: 16-8230 (JLL)<br><br>**MEMORANDUM OPINION AND ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion for an order to show cause seeking preliminary injunctive relief filed by Plaintiff, the New Jersey Democratic State Committee, on November 4, 2016. (ECF No. 2).[1] The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Having reviewed the papers filed in support of the pending motion, and for the reasons stated below, the Court denies Plaintiff's motion for emergent relief.

Before a court can enter a preliminary injunction, the moving party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *see also Ortho Pharm. Corp. v. Amgen, Inc.*, 882 F.2d 806, 812 (3d Cir. 1989). Furthermore, an award of emergent relief is an extraordinary remedy that a district

---

[1] Although no formal opposition from the Defendant was received by this Court, immediately prior to the issuance of this Opinion, the Court did receive a phone call from Stewart Rhodes, who represented himself as the President of the National Oath Keepers organization, requesting the opportunity to be heard in this matter. Given the outcome of this Opinion, and in light of the last minute contact with this Court from the Oath Keepers organization, the Court finds that no hearing or further action from either party is necessary at this time.

court can grant only in limited circumstances. *See Ellakkany v. Common Pleas Court of Montgomery County*, No. 16-1544, 2016 WL 4011145, at *2 (3d Cir. July 27, 2016). Here, the Court finds that Plaintiff has not met the first prong required to secure a preliminary injunction. That is, the Court finds that Plaintiff has not shown a likelihood of success on the merits of its claims. *Kos Pharms.*, 369 F.3d at 708.

Plaintiff brings claims under two federal statutes: Section 11(b) of the Voting Rights Act, codified at 52 U.S.C. § 10307(b), and under 42 U.S.C. § 1985(3). Both statutes were enacted with the goal of preventing voter intimidation and thereby protecting the public's right to participate in the electoral process. Section 11(b) of the Voting Rights Act prohibits any person from "intimidat[ing], threaten[ing], or coerc[ing], or attempt[ing] to intimidate, threaten or coerce any person for voting or attempting to vote . . . ." 52 U.S.C. § 10307(b). Similarly, Section 1985(3) prohibits any persons from "conspir[ing] to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a member of Congress of the United States . . . ." 42 U.S.C. § 1985(3).

Plaintiff argues that Defendant organization, the New Jersey Oath Keepers, have called upon their members to "intimidate lawful voters from exercising their right to vote, targeting in particular minority voters." (Pl.'s Br. at 11). Plaintiff chiefly relies upon Defendant's "Call to Action" to its members, which was posted on the New Jersey Oath Keepers' website on October 26, 2016. (ECF No. 1, Compl. ¶ 23). This "Call to Action" requests its members' help to "prevent criminal voter intimidation on election day, 2016." (*Id.*). The Call proceeds as follows:

> [W]e call on you to form up incognito intelligence gathering and crime spotting teams and go out into the public on election day, dressed to blend in with the public, without any Oath Keepers hat or T shirt on, and with video, still camera, and notepad in hand, to

look for and document suspected criminal vote fraud or intimidation activities, by any individuals, groups, or parties, and then report these incidents to your local police.

(*Id.*).

Plaintiff has not explained how compliance with the above directive is likely to result in voter intimidation. Plaintiff likens this case to a 2004 case out of the District of South Dakota, *Daschle v. Thune*, No. 04-cv-4177, Dkt. No. 6 (D.S.D. Nov. 2, 2004). In *Daschle*, the District Court issued a temporary restraining order in movant's favor after finding that the movant was likely to succeed on the merits of its voter intimidation claims. *Id.* Specifically, the Court found "that there was intimidation particularly targeted at Native American voters in Charles Mix County." *Id.* The Court therefore enjoined the defendants from carrying out their plans to follow Native Americans to and from polling places, and to copy or record Native Americans' license plates. *Id.*

This Court finds *Daschle* to be distinguishable from the case at bar. In contrast to *Daschle*, where the Court found that defendants were targeting Native American voters, here, there is no evidence that Defendant's "Call to Action" is targeted at any particular group or groups of voters. Plaintiff attributes anti-Semitic sentiment to Defendant by citing to an "anonymous flyer" circulated in New Jersey's Fifth Congressional District depicting the incumbent's political opponent with anti-Semitic slanders, and by citing a December 11, 2015 post on Defendant's Facebook page stating that "[t]he jews/communists have taken the teaching of the Constitution out of our schools while at the same time their operatives run around saying it's a relic of a bygone era." (Compl. ¶¶ 30-34). Even if the Court were to construe this evidence as indicative of anti-Semitism imbued within the Oath Keepers, which it declines to do, Plaintiff has not plead or argued that Defendant is targeting voters of the Jewish faith. While Plaintiff alleges that "it is a fair

3

conclusion that the polling of interest to Defendant will be located in high minority voting districts," Plaintiff has not offered any evidence or factual pleadings sufficient to support this conclusion.

Additionally, unlike *Daschle* where defendants' planned actions of following Native Americans to the polls appears to have been taken in an open and obvious manner, here, Defendant has requested that its members proceed "incognito" and "dressed to blend in with the public." (Pl.'s Br., Exh. C, at 4). Although Defendant has instructed its members to film groups of people who appear to be traveling to multiple polling locations, the Oath Keepers have directed their members "NOT [to] film in an obvious manner. In general, stay out of view and observe at a distance. Observe and record covertly, report accurately." (*Id.*) (emphasis in original). The Oath Keepers further advise their members to "make it hard on the criminal bad guys to know if they are being observed and filmed." (*Id.*). As such, the Court fails to see how Defendant's members could intimidate voters who are not even aware of their presence.

In summary, Plaintiff has not shown the requisite likelihood of success on the merits of its underlying claims to support its request for the extraordinary remedy of emergent injunctive relief. Accordingly,

IT IS on this 7th day of November, 2016

**ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 2) is hereby DENIED.

IT IS SO ORDERED.

_____
JOSE L. LINARES, U.S.D.J.